UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON B. WRIGHT,

    Petitioner,

v.                                              Case No. 8:21-cv-2741-TPB-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Shannon B. Wright, a Florida prisoner, timely filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Upon consideration of the petition, (*id.*), the response in opposition, (Doc. 8), and Wright's reply, (Doc. 11), the petition is denied.[1]

## Background

Wright pleaded no contest to use of a computer to seduce a child and failure of a sex offender to properly register. (Doc. 8-2, Ex. 9.) Wright, who was designated a sex offender in an unrelated 1998 case, texted his 14-year-old

---

[1] Wright filed an amended petition after the response was filed. (Doc. 10.) Wright did not seek or obtain leave to file an amended petition. The amended petition was untimely under Federal Rule of Civil Procedure 15(a) as an amended pleading permitted as a matter of course. Therefore, the amended petition will be stricken as unauthorized. The Court notes that the amended petition raises the same claims for relief as the original petition.

1

step-daughter asking her to perform oral sex on him. (Doc. 8-2, Ex. 9, pp. 18-20.) He texted her using a phone number that he had not registered under his existing sex offender registration requirements. (Doc. 8-2, Ex. 7; Ex. 9, pp. 19-20.)

The trial court sentenced Wright to an overall term of 10 years in prison. (Doc. 8-2, Exs. 17, 18.) Wright's motions for postconviction relief were denied. (Doc. 8-2, Exs. 19, 20, 26, 27.) The state appellate court *per curiam* affirmed the denials. (Doc. 8-2, Exs. 23, 30.)

## **Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

3

## Analysis

**Ground One: "Retroactive Law (Deprived of)"**

Wright was charged with and convicted of use of a computer to seduce a child, a third-degree felony, in violation of § 847.0135(3), Fla. Stat. (Doc. 8-2, Exs. 8, 9.) Wright contends that after his conviction, this offense was reclassified from a third-degree felony to a first-degree misdemeanor and that the reclassification was retroactive. Wright asserts that he is being illegally detained in light of this "new intervening controlling law that is concrete." (Doc. 1-1, p. 3.) He contends that the state court's failure to correct this alleged error violated his due process and equal protection rights.

To the extent that Wright's argument presents a state-law question, it is not cognizable on federal habeas review. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief. . . . This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." (internal quotation marks and citations omitted)).

Further, even if this claim alleged a federal law violation and assuming that the federal question was exhausted in state court, Wright would not be entitled to relief. In denying his postconviction claim, the state court found that the law did not change as Wright contends. (Doc. 8-2, Ex. 20.) Not only must

this Court defer to the state court's application of state law, *see Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005), but this offense is clearly designated as a third-degree felony. *See* § 847.0135(3)(a), Fla. Stat. (stating that any person who uses "any . . . device capable of electronic data storage or transmission to . . . [s]educe, solicit, lure, or entice . . . a child . . . to commit any illegal act described in chapter 794 [sexual battery], chapter 800 [lewdness; indecent exposure], or chapter 827 [abuse of children], or to otherwise engage in any unlawful sexual conduct with a child" commits a third-degree felony). There is no indication that this offense was changed to another degree of crime following Wright's conviction, much less a retroactive change that would have benefitted Wright.

Because no authority supports Wright's claim that the offense of use of a computer to seduce a child was changed to a first-degree misdemeanor, he has not shown that the state court's decision was unreasonable. Ground One does not warrant relief.

**Ground Two: "Erroneous Sexual Offender Designation"**

Wright argues that he "must be exonerated from [the] illegal designation of a sex offender" because "the Florida Legislature appears to recognize there is no 'sexual offender' designation in Florida." (Doc. 1-1, p. 12.)

Because Wright's argument presents a question of state law, it is not cognizable in this § 2254 proceeding. *See Branan*, 861 F.2d at 1508. Even if a

5

federal claim could be deduced from Wright's argument and was exhausted in state court, it would fail on the merits.[2]

The postconviction court denied Wright's claim, stating that "[i]t is clear . . . that sexual offender status exists in Florida." (Doc. 8-2, Ex. 27, p. 1.) And as the state court's order indicates, Wright's conviction for use of a computer to seduce a child automatically qualified him as a sex offender. (*Id*; *see* § 943.0435(1)(h)(a)(I), Fla. Stat.) A sex offender designation that applies automatically upon conviction cannot be removed by a court. *See Chavez v. State*, 296 So.3d 1003 (Fla. 1st DCA 2020). As addressed, this Court must accept the state court's determination of state law. *See Herring*, 397 F.3d at 1354-55. Wright has not shown that the state court unreasonably denied his claim. He is not entitled to relief on Ground Two.

Accordingly, it is **ORDERED** that Wright's petition, (Doc. 1), is **DENIED**. Wright's amended petition, (Doc. 10), is **STRICKEN** as unauthorized. The **CLERK** is directed to enter judgment against Wright and to **CLOSE** this case.

---

[2] In his § 2254 petition, Wright specifically challenges the convictions imposed in his 2017 state court cases. To the extent that he attempts within Ground Two to challenge his sex offender designation from an unrelated 1998 case, his argument is not properly raised in this proceeding. Any challenge to the unrelated state court judgment should have been brought in a separate habeas action. *See* Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts.

6

It is further **ORDERED** that Wright is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). The district court or circuit court of appeals must first issue a certificate of appealability. To obtain a certificate of appealability, Wright must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Wright has not made the requisite showing. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Wright must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of September, 2024.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**